# Richmond

SHERLEY A. REESE BROWN v. GILBERT H. WILSON, JR.

June 15, 1970.

Record No. 7122.

Present, All the Justices.

*John F. Rixey* (*E. Pryor Wormington; Rixey and Rixey*, on brief), for plaintiff in error.

*Richard G. Brydges* (*Brydges, Broyles and McKenry*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

In this automobile negligence case, a jury returned a verdict in favor of the defendant, Sherley A. Reese Brown. The trial court set aside that verdict and ordered a new trial limited to the amount of damages the plaintiff, Gilbert H. Wilson, Jr., should be awarded. The second jury returned a verdict for the plaintiff in the sum of $3,000 upon which the trial court entered judgment. The defendant was granted a writ of error.

The sole question is whether the evidence at the first trial was sufficient to support the jury verdict in favor of the defendant. We look, therefore, only to the evidence presented at that trial.

The evidence showed that the plaintiff was injured on August 14, 1966, on the parking lot of a motel at Virginia Beach. The plaintiff was employed as a bellhop at the motel.

The defendant, a resident of Pennsylvania, accompanied by her mother and a friend of the latter, drove to Virginia Beach. She entered the parking lot at the motel and parked her automobile in what she thought was a parking space but what turned out to be a driveway. While the defendant remained in the vehicle, her mother and the friend entered the motel and registered. The plaintiff went to the parking lot to assist the ladies with their luggage.

The plaintiff informed the defendant that she was blocking the driveway and that she should "park in another space." From this point on, the two versions of how the accident occurred, as related by the witnesses for the respective parties, diverged so sharply that the jurors must have wondered if the same event was being described.

According to the evidence presented by the plaintiff, he, after instructing the defendant to move her vehicle, turned his back to the car and leaned against a fence enclosing a swimming pool located adjacent to the parking lot. The defendant's vehicle then "lunged forward," pinning the plaintiff between the car and the fence and throwing him to the ground.

According to the evidence presented by the defendant, her vehicle did not move forward from its position in the driveway but was operated only in reverse. The plaintiff, after instructing the defendant to move the vehicle, directed her in the path she should take. He was "walking as he was directing" her and appeared to be walking "into the line of the car rather than away from it." While she was backing and looking to her left to clear other vehicles parked on the lot, the right side of her car pinned the plaintiff to the fence. He did not fall to the ground.

In this state of hopeless conflict, it was for the jury to accept which version of the accident it deemed credible. The two versions were completely incompatible, and thus there was presented a typical problem for resolution by the trier of fact.

If the jury chose to accept the plaintiff's version, it could have concluded that the defendant negligently permitted her vehicle to "lunge forward" and strike the plaintiff at a time when he, with his back turned, was oblivious to the danger. A verdict in his favor in these circumstances would have been fully justified.

On the other hand, if the jury chose to accept the version supplied by the defendant, it was warranted in reaching either of two possible conclusions. It could have found that the defendant was not negligent toward the plaintiff, since she was merely following his

directions in backing through the cramped parking lot. Or, the jury could have decided that although the defendant was negligent, the plaintiff was barred from recovery because he negligently placed himself in a position of peril by walking into the path of the backing car in the narrow space between the vehicle and the fence.

The jury at the first trial obviously chose the defendant's version of the accident and decided that the plaintiff was not entitled to recover for his injuries. The resulting verdict in favor of the defendant was supported by credible evidence and should not have been disturbed.

The judgment in favor of the plaintiff will be reversed, the second verdict set aside, the first verdict reinstated, and final judgment entered here for the defendant.

*Reversed and final judgment.*